UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
48388
Morton & Craig LLC
John R. Morton, Jr., Esq.
110 Marter Avenue
Suite 301
Moorestown, NJ 08057
856-866-0100
Attorney for Santander Consumer USA Inc. dba Chrysler Capital

In Re:

PATRICK M. KELLY

Case No.: 18-12841

Adv. No.:

Hearing Date: 12-12-19

Judge: JKS

## RESPONSE TO DEBTOR'S MOTION TO REIMPOSE THE STAY

John R. Morton, Jr., Esq., attorney for Santander Consumer USA Inc., dba Chrysler Capital opposes debtor's motion to reimpose the automatic stay as to Santander for the following reasons:

1. As a result of a contested motion for stay relief, the on debtor was to pay Santander under a payment order that appears on docket as entry 77. The order provided for curing arrears followed by regular monthly payments. The debtor defaulted in making payments.

2. On 10-3-19 Santander filed a certification of default. No opposition was filed to the certification of default and Santander received an order for stay relief on 10-20-19.

3. Prior to these events the debtor filed a modified plan that stated that the Chrysler Capital Car Loan is current and will remain current outside the plan. This provision was set forth in Part 4f of the plan dealing with secured claims that are "unaffected by the plan". This provision was also contained in debtor's original plan. Both plans were confirmed, the second modified plan being confirmed on 6-28-19 on docket entry 93.

4. Debtor now seeks to reimpose the stay stating that some payments under the payment order were made, and debtor seeks to have the remaining loan balance incorporated into his Plan. In other words, it appears debtor is seeking to modify his plan again to fold the remaining unpaid arrears under this court's payment order along with the entire remaining loan balance into the plan.

5. The current amount in default under the payment order is $1375.56 despite the payments made by the debtor. As of 11-5-19, the current loan payoff balance is $17,373.71.

Patrick M. Kelly
18-18241
Response to Debtor's Motion to Reimpose the Stay
Page 2

6. Debtor's motion to reinstate that automatic stay and incorporate any remaining due to the secured creditor into the plan should be treated as a post-confirmation plan modification under Code section 1329. Post-confirmation plan modifications are permitted for claims *provided for* by the plan.

7. The issue here is where the plan and modified plan provide that Santander Consumer USA Inc., dba Chrysler Capital is unaffected by the plan, and further that Santander is being paid directly by the debtor under a payment order, is Santander's claim provided for by the plan and further is debtor bound not only by the terms of the confirmed plan, but also by the terms of the payment order.

8. Several courts have held that Section 1329 does not permit post-confirmation modification to cure post-confirmation defaults with respect to direct payments, since 1329 only permits post-confirmation modification of claims provided for by the plan, and direct payments do not fall into this category. These courts generally reason that plans that either make no mention of the creditor or state that payments are being made directly to the creditor cannot be modified since the "claim" is not being "provided for" by the plan. See: In re Hollis, 105 B.R. 1003(N.D. Ala. 1989); Southtrust Mobile Servs., Inc. v. Entlebert, 137 B.R. 975(N.D. Ala. 1992); In re Ramirez-Arellano, 113 B.R. 796 (Bankr. S.D. Fla. 1990); In re: Sensabaugh, 88 B.R. 95 (Bankr. E.D. Va. 1988).

    Other courts take a more moderate approach to post-confirmation plan modification and hold that if a plan makes provision for payment of a creditor directly, that creditor's claim is provided for, and a post-confirmation default can be cured through post-confirmation plan modification under 11 U.S.C. 1329. See: In re Stafford, 123 B.R. 415 (N.D. Ala. 1991); United States v. Evans, 77 B.R. 457 (E.D. Pa. 1987); In re Binder, 224 B.R. 483 (Bankr. D. Colo 1998); In re: Hoggle, 12 F.3d 1008 (11th Cir. 1994).

    In analyzing the issue of when a claim is "provided for" by the plan, the Court's attention is called to Rake v. Wade, 508 U.S. 464, 113 S. Ct. 2187 (1993). In that case, the Supreme Court held that the phrase "provided for by the plan" means that the plan makes provision for, deals with or even makes reference to a claim.

9. It is Santander's position as follows:
    a. Debtor's motion to reimpose should be treated as a post-confirmation plan modification under Code section 1329(a);
    b. Debtor's motion to reimpose should be denied since the loan remains in default under the payment order.
    c. If debtor's motion to reimpose is treated as a post-confirmation plan modification, it should be denied since Santander's claim is not provided for by the plan and debtor is bound by the payment order entered by the Court.

Dated: 11-8-19

                                    Morton & Craig
                                    Attorneys for Santander Consumer USA, dba
                                    Chrysler Capital

                                    By: /s/ John R. Morton, Jr.
                                        John R. Morton, Jr., Esq.